Receipt Number
564400

11

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THE ROMANTICS a/k/a MASTER BEAT, INC.,
a Michigan corporation; WALLY PALMAR;
MIKE SKILL; and COZ CANLER,

    Plaintiffs,

vs.

ACTIVISION PUBLISHING, INC.; a California
corporation; HARMONIX MUSIC SYSTEMS,
INC.; a Massachusetts corporation; REDOCTANE,
INC., a California corporation; and WAVEGROUP
SOUND, a California corporation.

    Defendants.

Case: 2:07-cv-14969
Judge: Roberts, Victoria A
Referral MJ: Majzoub, Mona K
Filed: 11-20-2007 At 04:21 PM
CMP THE ROMANTICS ET AL V. ACTIVISION PUB ET AL (DA)

WILLIAM H. HORTON (P31567)
SEAN M. WALSH (P48724)
ELIZABETH A. FAVARO (P69610)
Attorneys for Plaintiffs
GIARMARCO, MULLINS & HORTON, P.C.
Tenth Floor Columbia Center
101 W. Big Beaver Road
Troy, Michigan 48084-5280
☎(248) 457-7000

THERE IS NO OTHER PENDING OR RESOLVED CIVIL ACTION ARISING OUT OF THE SAME TRANSACTION OR OCCURRENCE AS ALLEGED IN THE COMPLAINT.

## COMPLAINT AND JURY DEMAND

NOW COME Plaintiffs The Romantics a/k/a Master Beat, Wally Palmar, Mike Skill, and Coz Canler, by their attorneys, GIARMARCO, MULLINS & HORTON, P.C., and complain of Defendants as follows:

### NATURE OF THE ACTION

1.   This case involves the intentional misappropriation of Plaintiffs' identity and persona and imitation of their distinctive sound as the well-known and highly-successful

band "The Romantics." Plaintiffs have developed their identity, persona, and distinctive sound since 1979, which has been and continues to be a valuable property. Defendants have violated Plaintiffs' rights by carefully imitating Plaintiffs' identity, persona, and distinctive sound in order to sell their video game "Guitar Hero Encore, Rocks the 80's" without permission from or compensation to Plaintiffs. Defendants' scheme has been highly successful: the imitation of Plaintiffs on Defendants' video game is virtually indistinguishable from the authentic version, consumers are confused and lead to believe it is Plaintiffs on Defendants' video game and that Plaintiffs endorse Defendants' video game, and Defendants have sold millions of dollars worth of the game.

## THE PARTIES

2. Plaintiffs Palmar, Skill, and Canler are the members of the band "The Romantics." Plaintiffs Palmar and Canler reside in Oakland County and are citizens of the State of Michigan. Plaintiff Skill resides in Seattle, Washington and is a citizen of the State of Washington. Plaintiff Master Beat, Inc. is a Michigan corporation and owns the trademark registration for the name "The Romantics."

3. Defendant Activision Publishing, Inc. is a corporation headquartered in Santa Monica, California and doing business world-wide. According to its website, it is "a leading international publisher of interactive entertainment software products." Defendant Harmonix Music Systems, Inc. is a corporation headquartered in Cambridge, Massachusetts and doing business world-wide. According to its website, it is a "videogame development company" specializing "in music-based games." Defendant RedOctane, Inc. is a corporation headquartered in Sunnyvale, California and doing business world-wide. Defendant

2

RedOctane is a publisher, developer, and distributor of interactive entertainment software products. Defendant WaveGroup Sound is a sound recording and production company, headquartered in Fremont, California and does business throughout the United States. None of the Defendants are citizens of the State of Michigan.

## JURISDICTION

4.   Jurisdiction is proper in this Court pursuant to 28 USC § 1332 because the amount in controversy exceeds $75,000 and because the parties are citizens of different states. Plaintiffs are citizens of Michigan and Washington. Defendants are citizens of California and Massachusetts.

5.   Jurisdiction is also proper in this Court pursuant to 28 USC § 1331 because at least one of Plaintiffs' claims involves a federal question, i.e., the false endorsement of Defendants' product in violation of the Lanham Act, 15 USC § 1125.

6.   Venue is proper in this district because a substantial part of the events giving rise to the claims occurred in this district. In particular, Defendants have placed in commerce and sold and continue to place in commerce and sell their products in and throughout this judicial district.

## THE SONG

7.   Plaintiffs are song writers and musicians who perform individually and collectively as the popular band "The Romantics." They have platinum and gold albums to their credit and have sold millions of copies of their recordings worldwide. Among other songs, Plaintiffs wrote and made famous the song "What I Like About You" (the "Song"), which has sold millions of copies.

3

8. The Song is regularly performed by Plaintiffs and others licensed to perform it. It is also regularly licensed for use in movies, television, and radio advertising. For example, the Song has been used in the movies "Shrek 2," the Disney remake of "Freaky Friday," and "The Simpsons Movie," and has been used in advertising campaigns for Budweiser, T.G.I. Friday's restaurants, Barbie dolls, and the Los Angeles Dodgers baseball team.

9. Plaintiffs, both individually and collectively, are identified with the Song and derive a substantial income from performing the Song and licensing reproduction of its original studio recording (the "Master").

## THE GAME

10. This case involves the interactive video game called "Guitar Hero Encore, Rocks the 80s" (the "Game"). The Game is one of a series of video games under the concept and name "Guitar Hero." In the Guitar Hero games, a video game computer, produced by Sony and called Playstation 2, is connected to a simulated guitar. The Game plays famous songs through audio speakers, while the video monitor shows various animated characters playing guitars and color coded musical notes. The object of the Game is for the player to play the color coded musical notes in the same order and at the same time as those displayed on the monitor. The player receives points for accurately playing the notes. The Guitar Hero series has been one of the most successful video games ever produced; since its introduction in 2004, it has sold millions of copies worldwide.

11. Defendant Activision is a developer, publisher, or distributor of the Guitar Hero series, including "Guitar Hero Encore, Rocks the 80s." Defendant Harmonix is a

4

developer, publisher, or distributor of Guitar Hero, which it touts as its "breakthrough franchise." Defendant RedOctane is a developer, publisher, or distributor of Guitar Hero and states on its website that its "leading software product offerings include Guitar Hero for the Playstation 2." Defendant WaveGroup typically performs music written by others and, in particular, performs the vast majority of the music on the Guitar Hero series of games.

12.     Defendants began publishing, selling or distributing the Game in or about July, 2007. Among other songs, the Game contains the Song. Recently, Plaintiffs were informed by fans that the Game contained the Song as performed by Plaintiffs. However, after reviewing various royalty statements and making other inquiries, Plaintiffs learned that the Song was not the Master as recorded by them. In addition, Defendants had been promoting the Game with a video of the Song under the banner "What I Like About You as made famous by The Romantics." In the music industry, the phrase "as made famous by" typically means the song is not the master recording, but rather an imitation.

13.     Plaintiffs have confirmed that the Song is not the Master, but instead is a sound-alike imitation recorded by Defendant WaveGroup for use by the other Defendants in the Game.

14.     As a sound-alike imitation, Defendants intended to imitate as closely as possible the Song as performed in the Master by Plaintiffs. In fact, in an interview on November 13, 2007, an executive of Defendant WaveGroup stated that Defendant WaveGroup tried to imitate the songs on Guitar Hero as closely as possible to "make the songs as true to the originals as possible" and to "create the illusion" that they are the original.

15. None of the Defendants have the permission of Plaintiffs to perform a sound-alike imitation of the Song.

16. A number of fans of Plaintiffs have reported to them that they believed the Song on the Game was the Master or otherwise performed by Plaintiffs.

## COUNT I

## VIOLATION OF RIGHT OF PUBLICITY

17. Plaintiffs incorporate the above-paragraphs by reference.

18. Plaintiffs have a right to the commercial use of their identities, persona, and distinctive sound, including the right to prohibit others from using or exploiting their distinctive sound, identities, and persona for commercial purposes in all forms of communications, including video games.

19. Defendants violated that right by creating the sound-alike imitation of the Song, publicizing the Song as though it was performed by Plaintiffs, using the Song to drive sales of the Game, and otherwise using Plaintiffs' identity and distinctive sound for Defendants' commercial purposes, without Plaintiffs' permission.

20. Plaintiffs have been and will continue to be damaged as a result of Defendants' conduct. Plaintiffs' interest in their identity, persona, and distinctive sound has been developed over many years and is unique. The injury suffered by Plaintiffs currently and in the future cannot adequately be compensated by money damages alone and they are entitled to both preliminary and permanent injunctive relief. Plaintiffs are also entitled to damages for sales which have already occurred or will occur through the date of any injunctive relief, including exemplary damages because Defendants actions are and have

6

been malicious, willful and wanton, causing Plaintiffs outrage and indignity.

## COUNT II

### FALSE ENDORSEMENT UNDER THE LANHAM ACT

21.    Plaintiffs incorporate by reference the above paragraphs.

22.    Plaintiffs have a protectable interest under the Lanham Act in that their identity, persona, name, and distinctive sound constitute a famous commercial trademark, as defined by 15 USC § 1125.

23.    The Lanham Act and, in particular, 15 USC § 1125, expressly prohibits the use of a mark which is likely to deceive consumers and, in fact, has already deceived consumers, as to the association, sponsorship, or approval of goods or services by another person.

24.    Defendants' use of the Song on the Game is confusingly similar to the Song as performed by Plaintiffs, especially when used in connection with the name "The Romantics," in that it implies that Plaintiffs associate, sponsor, approve, or endorse the Game and dilutes Plaintiffs' mark by blurring, tarnishment, and other means.

25.    Plaintiffs have been and will continue to be damaged as a result of Defendants' conduct.

## COUNT III

### UNFAIR COMPETITION

26.    Plaintiffs incorporate by reference the above paragraphs.

27.    Plaintiffs' identity, persona, name, and distinctive sound are widely known and are made valuable by Plaintiffs.

28. Defendants have taken Plaintiffs' distinctive sound by using the Song on the Game in a manner that is confusingly similar to the Song as performed by Plaintiffs, especially when used in connection with the name "The Romantics."

29. Plaintiffs have been and will continue to be damaged as a result of Defendants' actions, including exemplary damages because Defendants actions are and have been malicious, willful and wanton, causing Plaintiffs outrage and indignity.

## COUNT IV

## UNJUST ENRICHMENT

30. Plaintiffs incorporate the above paragraphs by reference.

31. Defendants have used and continue to use Plaintiffs' identities, persona and distinctive sound for their commercial purposes.

32. Defendants have received the benefits of Plaintiffs' identities, persona and distinctive sound by selling the Game.

33. It would be unjust and inequitable for Defendants to retain the benefits from the Game containing Plaintiffs' Song without the requirement that they pay for such use, including damages to compensate Plaintiffs for the malicious, willful and wanton acts of Defendants, which have caused Plaintiffs outrage and indignity.

WHEREFORE, Plaintiffs request that this Honorable Court enter judgment in their favor and against Defendants, jointly and severally, as follows:

    A. Preliminarily and permanently enjoin Defendants and their agents, officers, employees, attorneys, and those acting in concert with them from:

        i. Selling, attempting to sell, causing to be sold, copying, reproducing, publishing, disseminating, distributing,

       circulating, promoting, marketing or advertising the Game or any portion or permitting any other individual or entity to do any of the above;

    ii.    Taking orders for copies of the Game;

    iii.    Delivering or shipping copies of the Game by any means, including internet downloads; and

    iv.    Using Plaintiffs' voices, identities, or persona in any manner, including in the advertisement or promotion of the Game in any manner.

B.    Require Defendants to prepare, at their sole expense, a true and accurate accounting of their sales and profits derived from the sale and distribution of the Game;

C.    Award Plaintiffs damages, including exemplary damages, in an amount to be determined by the trier of fact;

D.    Award Plaintiffs their attorney fees and costs of suit; and

E.    Provide any such other and further relief as may be just and equitable.

## JURY DEMAND

Plaintiffs demand trial by jury.

GIARMARCO, MULLINS & HORTON, P.C.

By: _____
WILLIAM H. HORTON (P31567)
SEAN M. WALSH (P48724)
ELIZABETH A. FAVARO (P69610)
Attorneys for Plaintiffs
Tenth Floor Columbia Center
101 W. Big Beaver Road
Troy, Michigan 48084-5280
☎(248) 457-7000
bhorton@gmhlaw.com

Dated: November 20, 2007

(Rev. 11/04)

# CIVIL COVER SHEET

County in which this action arose **Oakland**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
The Romantics a/k/a MASTER BEAT, INC., a Michigan Corporation, WALLY PALMAR, MIKE SKILL, and COZ CANLER,

**DEFENDANTS**
ACTIVISION PUBLISHING, INC., a California corporation, HARMONIX MUSIC SYSTEMS, INC., a Massachusetts corporation, REDOCTANE, INC., a California corporation, and WAVEGROUP SOUND, a California corporation

(b) County of Residence of First Listed Plaintiff  **Oakland**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  **Los Angeles**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE

(c) Attorney's (Firm Name, Address, and Telephone Number)
Giarmarco, Mullins & Horton, P.C.
William H. Horton (P31567)
101 E. Big Beaver Rd, 10th Fl, Troy, MI 48084 (248) 457-7000

Case: 2:07-cv-14969
Judge: Roberts, Victoria A
Referral MJ: Majzoub, Mona K
Filed: 11-20-2007 At 04:21 PM
CMP THE ROMANTICS ET AL V. ACTIVISION PUB ET AL (DA)

## II. BASIS OF JURISDICTION (Select One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☑ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. [CITIZENSHIP OF PRINCIPAL PARTIES]

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Select One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ■ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Select One Box Only)

- ☑ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
LANHAM ACT
Brief description of cause:
VIOLATED RIGHTS OF PUBLICIST

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☑ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: November 20, 2007
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

URSUANT TO LOCAL RULE 83.11

1. Is this a case that has been previously dismissed? ☐ Yes ☑ No

   If yes, give the following information:

   Court: _____

   Case No.: _____

   Judge: _____

2. Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.) ☐ Yes ☑ No

   If yes, give the following information:

   Court: _____

   Case No.: _____

   Judge: _____

Notes :